Kerry S. Doyle
Cal. Bar No. 268440
Doyle Law Office, PLLC
8755 Technology Way, Ste. I
Reno, NV 89521
Tel.: (775) 525-0889
Fax: (775) 229-4443
kerry@rdoylelaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARTINEZ, | Case No.: 8:15-cv-2119 |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CBE GROUP, INC., | |
| Defendant. | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Richard Martinez, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby alleges against Defendant, CBE Group Inc. (hereinafter "Defendant"), as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter "TCPA") the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq.

(hereinafter "FDCPA"), and the California Fair Debt Collection Practices Act (hereinafter "CFDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d) and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Anaheim, California, 92806 and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is an Iowa corporation, with its corporate address as 131 Tower Park Drive, Suite 100, Waterloo Iowa 50704 and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 5 above and incorporates them as if set forth specifically herein.

7. Defendant has engaged in a course of activity intent on the collection of a debt derived from student loans. Student loans are consumer debts in that they are used primarily for personal, family, or household purposes.

8. To this end, the collection of a consumer debt, Defendant has made calls to Plaintiff's cellular phone.

9. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

10. On numerous occasions Plaintiff has fielded Defendant's calls and made oral requests for a cessation of all telephone contact.

11. Further, Plaintiff has made clear to Defendant that he does not want to be called at work.

12. Despite this, Defendant has continued to call Plaintiff, and done so during working hours.

13. Upon information and belief, it was Defendant's intention to continually call Plaintiff in an effort to harass him to the point of tendering payment on the debt.

14. Additionally, intent on collection of this debt, Defendant has made a number of calls to Plaintiff's girlfriend.

15. Finally, during a call between Plaintiff and Defendant, Defendant threatened to garnish his wages in the event he failed to make payment on the alleged debt.

16. Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

17. Upon information and belief, Defendant was knowledgeable of the fact that the calls were being placed to a cellular device.

18. Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et seq.

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 18 above and incorporates them as if set forth specifically herein.

20. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

21. On numerous occasions Plaintiff has fielded Defendant's calls and made oral requests for a cessation of all telephone contact.

22. Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

23. Upon information and belief, Defendant was knowledgeable of the fact that the calls were being placed to a cellular device.

24. Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

25. Defendant's actions constitute a minimum of five (5) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to Defendant's behavior.

26. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Richard Martinez, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a.    Enter an Order declaring Defendant's actions, as described above, in violation of the TCPA;

    b.    Enter judgment against Defendant for all violations of 47 U.S.C. § 227b(1)(A)(iii) and award treble damages for all violations the Court deems willful; and

    c.    Grant such other and further relief as may be just and proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 18 above and incorporates them as if set forth specifically herein.

28. Defendant's actions, as described above, violate the following provisions of the FDCPA:

    a.    Calling at times known to be inconvenient in violation of 15 U.S.C. § 1692c(a)(1);

    b.    Calling a place of employment after it knows the employer prohibits such communications in violation of 15 U.S.C. § 1692c(a)(3);

    c.    Communicating with someone other than the consumer concerning the debt in violation of 15 U.S.C. § 1692c(b);

    d.    Engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in violation of 15 U.S.C. § 1692d preface;

e.  Causing the phone to ring or engaging in conversation repeatedly with the consumer in violation of 15 U.S.C. § 1692d(5);

f.  Communicating that non-payment will result in garnishment in violation of 15 U.S.C. § 1692e(4); and

g.  Engaging in unfair and unconscionable means to collect or attempt to collect on a debt in violation of 15 U.S.C. § 1692f preface.

29. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Richard Martinez, respectfully requests that this Court do the following for the benefit of Plaintiff:

a.  Enter a judgment against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

c.  Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

d.  Grant such other and further relief as may be just and proper.

## COUNT III
## VIOLATIONS OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code. § 1788 et seq.

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 18 above and incorporates them as if set forth specifically herein.

31. Plaintiff is a natural person.

32. Defendant is a debt collector as that term is used and defined under § 1788.2.

33. The debt in question is a debt due or owing from a natural person to another person.

34. Defendant's above described actions violate numerous provisions of the CFDCPA; therefore, Defendant has violated Cal. Civ. Code § 1788.17.

35. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Richard Martinez, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter a judgment against Defendant for actual and statutory damages, pursuant to Cal. Civ. Code §1788.30(b);

b. Award costs and reasonable attorneys' fees, pursuant to Cal. Civ Code § 1788.30(c); and

c. Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 21, 2015

/S/ Kerry Doyle, Esq.
Kerry Doyle, Esq.
Doyle Law Office, PLLC
8755 Technology Way, Suite 1
Reno, Nevada 89521
(P) (775) 525-0889
(F) (775) 229-4443
kerry@rdoylelaw.com
Attorney for Plaintiff